UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN A. WILLIAMS,

    Plaintiff,

  -against-

BRONX CENTER FOR REHABILITATION
AND NURSING,

    Defendant.

26-CV-3519 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that her employer, Defendant Bronx Center for Rehabilitation and Nursing, discriminated against her. By order dated May 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead the claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's Employment Discrimination Complaint form. Plaintiff checks the boxes on the form to assert claims of religion and sex discrimination under Title VII of the Civil Rights Act of 1964 as well as New York City and State Human Rights Law. Plaintiff, however, does not specify her religion or sex.[1] (ECF 1, at 3). Plaintiff was previously employed at Bronx Center for Rehabilitation and Nursing ("Bronx Center"), which is named as the sole Defendant. (*Id.* at 2-3).

---

[1] Plaintiff describes her religion as "I was asked why I'm alive," and her sex as "Referred to a Deceased famous male." (ECF 1, at 3).

Plaintiff does not specify the dates of her employment—including the commencement and termination—or the dates on which the allegedly discriminatory interactions with colleagues occurred. (*Id.* at 5-6).

The following facts are drawn from the complaint.[2] Plaintiff alleges:

> Jane [D]oe from HR department at Bronx Center informed me "I'm supposed to be expired, why do I have a [ ] CPR license?" Jane Doe RN told me not to use the computer for my Sigma Care. John Doe RN asked me everyday if I have children. This was before I got fired after less than a month of employment.

(*Id.* at 5).

Plaintiff states that these comments made by colleagues "forced [Plaintiff] to have unwanted thoughts while on [] shift." (*Id.* at 6.) Plaintiff was "also fired after having to listen to [colleagues] opinions about [Plaintiff] being alive." (*Id.*)

Plaintiff checks off boxes on the complaint form to indicate that Defendant terminated her employment, provided her with terms and conditions of employment different from those of similar employees, retaliated against her, and harassed her or created a hostile work environment. (*See id.* at 5)

Plaintiff indicates that she did not file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), nor did she receive a right-to-sue letter from the EEOC.

## DISCUSSION

**A.      Claims under federal law**

Plaintiff invokes Title VII of the Civil Rights Act of 1964, which prohibits discrimination based on race, color, religion, sex, and national origin. Title VII prohibits employers from

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff's allegations contain no indication that she was discriminated against based on her race, color, religion, sex, national origin, or any other characteristic protected by one of the federal employment discrimination statutes. Because Plaintiff has not alleged facts suggesting that a protected characteristic was a motivating factor in any adverse employment decision, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead her claims in an amended complaint alleging that her employer discriminated against her based on a protected characteristic.

4

**B.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal employment discrimination claim, the Court grants Plaintiff 30 days' leave to amend their complaint to detail her claims.

5

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 12, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

6